IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUDY UNDERWOOD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Fire and Casualty Insurance Company in Cause No. 352-287474-16, pending in the 352nd Judicial District Court of Tarrant County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1  On or about September 13, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Judy Underwood v. Allstate Fire and Casualty Insurance Company,* Cause No. 352-287474-16, pending in the 352nd Judicial District Court of Tarrant County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Fire and Casualty Insurance Company.

1.2    Plaintiff served Defendant Allstate Fire and Casualty Insurance Company ("Allstate") with Plaintiff's Original Petition and process on September 19, 2016, by certified mail on its registered agent, CT Corporation System.

1.3    Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket listing and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-4" as identified on the Index of State Court Documents.

## II.
## BASIS FOR REMOVAL

2.1    Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.    THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3    Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Tarrant County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's Original Petition, ¶ 2. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

### B.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.5     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.6     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.7     Plaintiff has specifically pled that she is seeking monetary relief over $200,000, but not more than $1,000,000. *See* Plaintiff's Original Petition, ¶ 78.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate was served with Plaintiff's Original Petition and process on September 19, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Fire and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

**NOTICE OF REMOVAL - PAGE 4**
2570195v1
00364.999

Respectfully submitted,

*/s/ Eric K. Bowers*
    Eric K. Bowers
    State Bar No.  24045538
    ebowers@thompsoncoe.com
    Roger D. Higgins
    State Bar No.  09601500, IL 6182756
    rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Fax:    (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

This is to certify that on October 19, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

    James M. McClenny
    J. Zachary Moseley
    Derek L. Fadner
    McCLENNY MOSELEY & ASSOCIATES, PLLC
    411 N. Sam Houston Parkway E., Suite 200
    Houston, Texas 77060
    Principal Office No. 713-334-6121
    Facsimile: 713-322-5953
    James@mma-pllc.com
    Zach@mmaa-pllc.com

*/s/ Eric K. Bowers*
    Eric K. Bowers